at the time of the sale was $3,712.04. The tax certificates held by the Midland Land Company, a corporation controlled by Hovey, amounted to $1,814.93. The amount paid to Hovey's legal firm for costs and disbursements in the action was $231.16; $642.12 was paid to the county treasurer for county taxes due on the property. A taxpayer's action may be brought to restrain or set aside an illegal official act of an official of a city which causes waste or injury. (*Olmsted* v. *Meahl*, 219 N. Y. 270; *Holton* v. *Board of Supervisors, Monroe County*, 245 App. Div. 144.) It certainly is a waste of public money for a city to purchase property for which it has no use and thus cause its removal from the tax roll and the loss of taxes which would otherwise be paid upon it. It must be assumed that expenditures and violations of the constitutional provision would cause waste or injury to the municipality. If the provision of the charter of the city of Niagara Falls, relied upon herein, is unconstitutional, then there is no question that a taxpayer's action lies to recover expenditures made in reliance on such unconstitutional provision. The judgment should be reversed on the law and facts and a new trial granted. All concur, except Crosby, P. J., who dissents and votes for affirmance on the authority of *Western New York Water Co.* v. *City of Buffalo* (242 N. Y. 202); *South Buffalo Terminals, Inc.*, v. *Grobe* (148 Misc. 646; affd., 239 App. Div. 881); *Eastman Kodak Co.* v. *Richards* (123 Misc. 83); *Daly* v. *Haight* (170 App. Div. 469; affd., 224 N. Y. 726); *Leffingwell* v. *Scutt* (221 App. Div. 462). (The judgment dismisses plaintiff's complaint on the merits in a taxpayer's action to revoke purchase of realty by a city.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

Joseph J. Valone, as Guardian ad Litem of Carl Ward Valone, Respondent, v. William Henry Lucas and Josephine Hamilton, Appellants.— Judgment and order reversed on the law and a new trial granted, with costs to the appellants to abide the event on the ground that the court erred in refusing to charge that there was no proof of permanent impairment. All concur, Crosby, P. J., in the result on the further ground that the findings of negligence and freedom from contributory negligence are against the weight of the evidence. (The judgment is for plaintiff in an action for damages for personal injuries arising out of the negligent operation of an automobile. The order denies defendants' motion for a new trial.) Present — Crosby, P. J., Taylor, Dowling and Harris, JJ.

Joseph J. Valone, Respondent, v. William Henry Lucas and Josephine Hamilton, Appellants.— Same decision and like cause of action as in companion case of *Valone* v. *Lucas* (ante, p. 939). Present — Crosby, P. J., Taylor, Dowling and Harris, JJ.

The People of the State of New York, Appellant, v. Anthony Tripodi, Respondent.— Order reversed on the law and matter remitted to Trial Term for imposition of sentence. Memorandum: The disposition below is regarded as being an order made on a motion in arrest of judgment. There was no fatal defect in the indictment and such order in arrest of judgment should not have been granted. The order should be set aside, the verdict of the jury reinstated, and the prisoner remanded to the court below for judgment on the verdict. All concur, except McCurn, J., who dissents and votes for dismissal of the appeal on the ground that the order appealed from is not appealable. (The order sets aside the verdict of a jury convicting defendant of the crime of bookmaking and grants a new trial with the right to the People to amend the indictment to con-